

**ORDERED in the Southern District of Florida on April 29, 2026.**

**Scott M. Grossman, Chief Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

BET MIDRASH OHR HACHAYIM
HAKADOSH, INC., a Florida non-profit
corporation,                                              Case No. 26-10599-SMG

      Debtor.                                                Chapter 11

_____/

BET MIDRASH OHR HACHAYIM
HAKADOSH, INC., a Florida non-profit
corporation,

      Plaintiff,

v.                                                                 Adv. No. 26-1132-SMG

CITY OF HOLLYWOOD, Florida,

      Defendant.

_____/

**ORDER DETERMINING NON-CORE STATUS OF REMOVED CLAIM**

On January 16, 2026, Bet Midrash Ohr Hachayim Hakadosh, Inc., which operates a synagogue in Hollywood, Florida, filed a voluntary petition[1] under chapter 11 of the Bankruptcy Code. At the time of filing, there was an action already pending between Bet Midrash and the City of Hollywood, Florida.[2] This action – in which Bet Midrash seeks federal civil rights damages and injunctive relief arising from the City's denial of Bet Midrash's special exception zoning application – was originally filed on March 26, 2025, in the United States District Court for the Southern District of Florida.

On July 22, 2025, the City moved[3] in the District Court to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). While the motion to dismiss was pending, Bet Midrash moved[4] to refer that civil action to the bankruptcy court in light of its pending bankruptcy case. On March 17, 2026, the District Court granted[5] that motion, referring "all motions filed in this case, now and in the future" to this Court, "who shall determine whether this proceeding is a core proceeding under § 157 or is a proceeding that is otherwise related to a case under title 11 or is neither."[6] The District Court further ordered:

> 2.      In the event the bankruptcy judge determines that this matter is a core proceeding, the bankruptcy judge shall hear and determine all matters in this case and enter appropriate orders and judgments, subject to review under 28 U.S.C. § 158.

> 3.      In the event the bankruptcy judge determines that this case is not a core proceeding but is otherwise related to a case under title 11,

---

[1] Dkt. No. 1.
[2] Case No. 0:25-cv-60592-EA.
[3] Case No. 0:25-cv-60592-EA, Dkt. No. 10.
[4] Case No. 0:25-cv-60592-EA, Dkt. No. 23.
[5] Case No. 0:25-cv-60592-EA, Dkt. No. 26.
[6] *Id*. at 2.

pursuant to 28 U.S.C. § 157(c), the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

4.    In the event the bankruptcy judge determines that this case is neither a core proceeding nor otherwise related to a case under title 11, then the bankruptcy judge shall promptly give notice to the parties and this Court of the same in order that this referral might be ordered withdrawn.[7]

Finally, the District Court administratively stayed the case pending a determination by this Court.[8]

The complaint filed by Bet Midrash in the District Court asserts that Bet Midrash, a religious nonprofit, was unlawfully denied a special zoning exception by the City of Hollywood to operate a K–12 Jewish school at its property and challenges the City's zoning scheme as unconstitutional. More specifically, Count I asserts a facial equal protection challenge to Article V of the City of Hollywood Zoning and Land Development Regulations; Count II asserts a violation of the United States Constitution, First and Fourteenth Amendments, and seeks damages under 42 U.S.C. § 1983; and Count III asserts a violation of the United States Constitution, First and Fourteenth Amendments, and seeks injunctive relief under 42 U.S.C. § 1983.

28 U.S.C. § 1334(b) vests jurisdiction over this civil proceeding in the District Court. As authorized by 28 U.S.C. § 157(a), the District Court has referred all

---

[7] *Id*. at 2–3.
[8] *Id*. at 3.

3

proceedings arising under the Bankruptcy Code or arising in or related to cases under the Bankruptcy Code to the bankruptcy judges for this district.[9] Although the complaint here was filed in the District Court before the petition date, the District Court has since referred it[10] to this Court pursuant to 28 U.S.C. § 157. Under 28 U.S.C. § 157(b), where a proceeding has been referred to the Bankruptcy Court, the bankruptcy judge may hear and determine – and may enter appropriate final orders and judgments in – all "core proceedings" arising under the Bankruptcy Code.

"Core proceedings are narrow in scope, and include only those cases that implicate the property of the bankruptcy estate and either invoke substantive rights created by federal bankruptcy law or that exist exclusively in the bankruptcy context."[11] 28 U.S.C. § 157(b)(2) contains a non-exclusive list of core proceedings, none of which are directly relevant here.

"[R]elated non-core proceedings can be quite broad."[12] "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."[13] Bankruptcy judges may still hear most non-core proceedings.[14] But rather than enter final orders and judgments, the bankruptcy judge must instead submit proposed findings of fact and

---

[9] Dist. Ct. Admin. Order 2024-84 (Nov. 1, 2024); *see also* Dist. Ct. Loc. R. 87.2; *see generally In re Jimenez*, 627 B.R. 536, 540–41 (Banker. S.D. Fla. 2021) (explaining federal bankruptcy jurisdiction).
[10] Case No. 0:25-cv-60592-EA, Dkt. No. 26.
[11] *Wortley v. Bakst*, 844 F.3d 1313, 1318 (11th Cir. 2017)
[12] *Id.*
[13] *Id.* at 1318–19 (quoting *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990)).
[14] *See* 28 U.S.C. § 157(c)(1).

conclusions of law to the District Court.[15] If all parties consent, however, then in most cases the bankruptcy judge may hear and determine the non-core proceeding and may enter final orders and judgments.[16]

There is no question here that the claims asserted by Bet Midrash in the complaint are non-core claims. These claims are civil rights claims that neither invoke substantive rights created by federal bankruptcy law nor exist exclusively in the bankruptcy context. But they are related to Bet Midrash's bankruptcy case, as their disposition could alter the debtor's rights, liabilities, options, or freedom of action and could conceivably have an effect upon the handling and administration of the bankruptcy estate.

Accordingly, it is **ORDERED** that:

1.      The claims asserted in the complaint by Bet Midrash against the City of Hollywood are non-core claims but are related to Bet Midrash's bankruptcy case.

2.      In accordance with the District Court's referral order, because the claims are non-core claims, the Court will submit proposed findings of fact and conclusions of law to the District Court, and any final order or judgment will be entered by the District Court judge.

# # #

*Copies furnished to all counsel of record by the Clerk of Court.*

---

[15] *Id.*

[16] *See* 28 U.S.C. § 157(c)(2).