**ORDERED in the Southern District of Florida on August 28, 2026.**

Scott M. Grossman, Chief Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

BET MIDRASH OHR HACHAYIM HAKADOSH, INC., a Florida non-profit corporation,

Debtor.
_______________________________________/

Case No. 26-10599-SMG

Chapter 11

BET MIDRASH OHR HACHAYIM HAKADOSH, INC., a Florida non-profit corporation,

Plaintiff,

v.

CITY OF HOLLYWOOD, Florida,

Defendant.
_______________________________________/

Adv. No. 26-1132-SMG

## ORDER DENYING MOTION TO DISMISS

Bankruptcy Courts do not often address civil rights lawsuits raising Constitutional challenges to a municipality's zoning ordinances. The unusual

procedural path this dispute took to get here will be explained further below. The factual background, however, is straightforward. Plaintiff Bet Midrash Ohr Hachayim Hakadosh, Inc., is a Jewish religious nonprofit that operates a synagogue. It purchased commercial property at 1720 Harrison Street in Hollywood, Florida with the intention of opening a K–12 Jewish day school. To do so, it needed a special exception under the City of Hollywood's Zoning and Land Development Regulations. The City denied Bet Midrash's special exception application. Bet Midrash contends the denial was unconstitutional – that the City applied a zoning scheme that has already been found unconstitutional in another case by a District Court Judge in this District, and that the denial violated its First and Fourteenth Amendment rights.

Defendant City of Hollywood moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the special exception criteria are facially neutral and generally applicable, that they are subject only to rational basis review, and that Bet Midrash has not stated a plausible constitutional claim. Bet Midrash disagrees, pointing to the earlier federal court ruling that found the City's special exception procedure to be an unconstitutional prior restraint and arguing that the current criteria are, if anything, worse than those previously condemned. While a determination of the merits of this action is a question for another day, for the reasons discussed below, at the pleading stage, the Court will deny the City's motion to dismiss and will allow Bet Midrash's claims to proceed.

## I. PROCEDURAL BACKGROUND.

### A. The District Court Action.

Bet Midrash filed its complaint on March 26, 2025 in the United States District Court for the Southern District of Florida, Case No. 0:25-cv-60592,[1] asserting three counts against the City of Hollywood:

- Count I: A facial equal protection challenge to Article V of the City's Zoning and Land Development Regulations, specifically Sections 5.3 and 5.7, alleging that the special exception criteria are unconstitutionally vague and void on their face.
- Count II: A claim for damages under 42 U.S.C. § 1983 for violation of Bet Midrash's First and Fourteenth Amendment rights – specifically, the right to free exercise of religion and freedom of assembly – arising from the City's denial of the special exception.
- Count III: A claim for temporary and permanent injunctive relief under 42 U.S.C. § 1983 for the same constitutional violations.

On July 22, 2025, the City filed a motion to dismiss[2] the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Bet Midrash filed a response on August 22, 2025,[3] and the City filed a reply[4] on September 2, 2025. Thus, the motion to dismiss was fully briefed when this action was referred to this Court.[5]

[1] As discussed below, this case was later referred to this Court where it was assigned Adv. No. 26-1132. Upon that referral, all filings in the District Court to the date of referral were re-docketed in this adversary proceeding. Unless otherwise noted, all references in this order to docket entries are to docket entries in Adv. No. 26-1132.
[2] Dkt. No. 12.
[3] Dkt. No. 18.
[4] Dkt. No. 22.
[5] When the complaint was originally filed, this case was assigned to the Honorable Robin L. Rosenberg. On August 4, 2025, the case was then reassigned to the Honorable Jose E. Martinez. On December 17, 2025, the case was again reassigned, this time to the Honorable Ed Artau. Then on March 17, 2026, Judge Artau referred the case to this Court.

B. The Bankruptcy Filing and Referral.

On January 19, 2026, Bet Midrash filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing Case No. 26-10599-SMG in this Court. With the bankruptcy case pending, Bet Midrash then moved in the District Court to refer this action to this Court.[6] On March 17, 2026 – over the City of Hollywood's objection – the District Court granted that motion[7] and referred this action to this Court under 28 U.S.C. § 157. The District Court also directed this Court, under 28 U.S.C. § 157(b)(3), to determine whether this proceeding is a core proceeding under 28 U.S.C. § 157(b) or is a proceeding that is otherwise related to a case under the Bankruptcy Code.

C. The Core/Non-Core Determination.

On April 29, 2026, this Court entered an order determining that the civil rights claims asserted by Bet Midrash against the City of Hollywood – a facial constitutional challenge and 42 U.S.C. § 1983 claims for damages and injunctive relief – are non-core claims but are related to Bet Midrash's bankruptcy case.[8] The claims are non-core because they neither invoke substantive rights created by federal bankruptcy law nor exist exclusively in the bankruptcy context.[9] But the claims are related to Bet Midrash's bankruptcy case because their disposition could alter the debtor's rights, liabilities, options, or freedom of action and could conceivably have an effect upon the handling and administration of the bankruptcy estate.[10] After determining that these

[6] Dkt. No. 25.
[7] Dkt. No. 28.
[8] Dkt. No. 30.
[9] *Id.*
[10] *Id.*; *see Wortley v. Bakst*, 844 F.3d 1313, 1318 (11th Cir. 2017).

claims are non-core claims, this Court set an oral argument on the motion to dismiss for June 2, 2026.[11] The Court then took the matter under advisement.

## II. JURISDICTION AND ADJUDICATORY AUTHORITY.

Given the unusual procedural path this proceeding took to get before this Court, the Court begins by explaining how and why it has subject matter jurisdiction and adjudicatory authority to hear and deny the motion to dismiss.

### A. Subject Matter Jurisdiction.

When originally commenced in District Court, Bet Midrash asserted subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and § 1343(a)(3) and (a)(4) (civil rights and elective franchise). Bankruptcy Courts, however, cannot exercise jurisdiction under 28 U.S.C. §§ 1331 or 1343.[12] After Bet Midrash filed its chapter 11 petition, however, an additional basis for jurisdiction over this action – bankruptcy jurisdiction under 28 U.S.C. § 1334 – arose. As this Court explained in its order determining the claims are non-core, Bet Midrash's civil rights claims are related to its chapter 11 bankruptcy case because their resolution – particularly the damages claim in Count II and the injunctive relief claim in Count III – could alter the debtor's rights, liabilities, options, or freedom of action and could have a conceivable effect on the administration of the bankruptcy estate.[13] Thus, jurisdiction over this proceeding now also lies under 28 U.S.C. § 1334.

---

[11] Dkt. No. 32.

[12] Bankruptcy courts may only hear and determine cases under title 11 of the United States Code and proceedings arising under title 11 or arising in or related to a case under title 11. 28 U.S.C. § 157(a); *see In re Tomasevic*, 279 B.R. 358, 361 (Bankr. M.D. Fla. 2002); *In re Fiorillo*, 494 B.R. 119, 142–43 (Bankr. D. Mass. 2013).

[13] *See* Dkt. No. 30, at 4-5; *see also In re Jimenez*, 627 B.R. 536, 540–41 (Bankr. S.D. Fla. 2021) (explaining federal bankruptcy jurisdiction).

B. This Court's Authority to Deny the Motion to Dismiss.

Based on 28 U.S.C. § 157, the District Court's referral order,[14] and this Court's order determining that claims asserted by Bet Midrash against the City of Hollywood are non-core claims but are related to Bet Midrash's bankruptcy case, this Court can hear the motion to dismiss.[15] And, because an order denying a motion to dismiss is not a final order, this Court may – without submitting proposed findings of fact and conclusions of law to the District Court – enter this order denying the motion to dismiss.[16]

## III. ARGUMENTS.

A. The City's Arguments.

The City argues that Bet Midrash's complaint should be dismissed for four principal reasons. First, the City argues that the special exception criteria are facially neutral and generally applicable – they apply to any school seeking to operate in the particular zoning district, not just religious schools or entities engaged in expressive activity. Because the criteria do not target protected activity, the City contends that the elevated scrutiny applied in cases like *Lady J. Lingerie, Inc. v. City of*

[14] Dkt. No. 28.

[15] Dkt. No. 30.

[16] *In re Veros Energy, LLC*, 587 B.R. 134, 147 (Bankr. N.D. Ala. 2018) ("An order denying a motion to dismiss is not a final order.") (citing *Catlin v. U.S.*, 324 U.S. 229, 236, (1945); *Wallace v. Norman Indus.*, 467 F.2d 824, 826 (5th Cir. 1972); *O'Toole v. McTaggart (In re Trinsum Grp., Inc.)*, 467 B.R. 734, 741–42 (Bankr. S.D.N.Y. 2012)); *In re Nu Ride Inc.*, 2024 WL 4376130, at *3 (Bankr. D. Del. 2024), *aff'd*, 2025 WL 2639177 (D. Del. 2025) (bankruptcy court has "authority to enter orders on preliminary matters to the extent they do not constitute a final adjudication of a matter over which the Court does not have constitutional authority to enter a final order. That includes specifically the authority of the Court to determine . . . whether a complaint states a plausible claim on which relief can be granted.") (citing *Trinsum Grp.*, 467 B.R. at 738); *see Wortley*, 844 F.3d at 1318 ("If a matter is a non-core proceeding (i.e., a related case, like a tort or contract dispute, that could potentially affect the bankruptcy estate), then the bankruptcy court can entertain the dispute but generally cannot enter final judgment.").

*Jacksonville*,[17] and *Hollywood Community Synagogue, Inc. v. City of Hollywood*,[18] does not apply. Second, the City argues that the applicable standard of review is rational basis, not heightened scrutiny, relying on *Thai Meditation Association of Alabama, Inc. v. City of Mobile*,[19] and *Employment Division v. Smith*.[20] Because the complaint does not allege that the special exception provision fails rational basis review, the City contends Count I must be dismissed. Third, the City argues that the as-applied challenge in Counts II and III is deficient because Bet Midrash does not allege that the City applied the special exception criteria in a manner that was hostile to its expressive activity, or that the City selectively enforced the special exception provision against it. And fourth, the City argues that Count III – the claim for injunctive relief – fails because the complaint contains no factual allegations establishing the elements of injunctive relief and because the practical challenges of operating a K–12 school in a congested downtown area make injunctive relief inappropriate.

B. Bet Midrash's Arguments.

Bet Midrash counters each point as follows: First, Bet Midrash argues that the case is governed by *Hollywood Community Synagogue* and *Lady J. Lingerie* because the City's special exception procedure has already been found by a federal court applying those very precedents to be an unconstitutional prior restraint. The City of Hollywood conceded in *Hollywood Community Synagogue* that if the special exception

[17] 176 F.3d 1358 (11th Cir. 1999).
[18] 436 F. Supp. 2d 1325 (S.D. Fla. 2006).
[19] 83 F.4th 922 (11th Cir. 2023).
[20] 494 U.S. 872 (1990).

procedure constituted a prior restraint, *Lady J. Lingerie* would control. That concession, and the resulting ruling, cannot be undone by the City's current litigation posture. Second, Bet Midrash argues that it is engaged in First Amendment protected activity – operating a synagogue and seeking to expand into religious education – and that the Free Exercise Clause protects that activity. Prior restraints are presumptively unconstitutional and face strict scrutiny; content-neutral time, place, and manner restrictions are subject to intermediate scrutiny. Either way, rational basis is not the applicable standard. Third, Bet Midrash argues that the current special exception criteria are worse than those condemned in *Hollywood Community Synagogue* because the City added criteria taken directly from *Lady J. Lingerie* – criteria that the Eleventh Circuit found to be impermissibly vague and subjective. In support of this contention, the complaint contains detailed factual allegations, including comparative tables. Fourth, Bet Midrash argues that the injunctive relief claim is adequately supported by the factual allegations incorporated by reference into Count III and that the City's arguments about traffic and parking are factual disputes that cannot be resolved on a motion to dismiss.

## IV. STANDARD FOR DISMISSAL UNDER RULE 12(b)(6).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[21] As explained by the Supreme Court in *Bell Atlantic Corp. v. Twombly*[22] and *Ashcroft v.*

[21] Fed. R. Civ. P. 8(a)(2).
[22] 550 U.S. 544 (2007).

*Iqbal*,[23] this means that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[24] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference" of the defendant's liability.[25] A claim is not facially plausible, however, if the allegations contain only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'"[26] or "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts."[27] A complaint that "do[es] not permit the court to infer more than the mere possibility" of liability fails to satisfy Rule 8(a)(2)'s requirement to show that the pleader is entitled to relief[28] and must be dismissed for failure to state a claim under Rule 12(b)(6).[29]

Notwithstanding these well-articulated standards, substantial portions of both parties' arguments conflate the merits of their positions with the elementary analysis of whether the complaint states a claim. At this stage, the Court is only determining whether the complaint states a plausible claim for relief. The Court will not – in ruling on the motion to dismiss – determine the applicable standard of Constitutional review (e.g., rational basis, intermediate scrutiny, or strict scrutiny). That

---

[23] 556 U.S. 662 (2009).
[24] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).
[25] *Id.* (citing *Twombly*, 550 U.S. at 556).
[26] *Id.* (quoting *Twombly*, 550 U.S. at 555).
[27] *Warren Tech., Inc. v. UL LLC*, 962 F.3d 1324, 1328 (11th Cir. 2020) (quoting *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004)).
[28] *Iqbal*, 556 U.S. at 679.
[29] *Id.* at 678–79.

determination goes to the substantive merits of this action, but not to whether Bet Midrash has stated a plausible claim.

## V. ANALYSIS.

### A. Bet Midrash Plausibly Alleged That It Is Engaged in First Amendment Protected Activity.

The City of Hollywood's main argument for dismissal is that Bet Midrash is not engaged in First Amendment protected activity – that it is merely a school seeking a zoning exception, not a religious institution seeking to exercise its constitutional rights. This argument fails at the pleading stage. The complaint alleges that Bet Midrash's "purpose is to teach including religious education, provide social and religious discourse, community assistance and to worship consistent with the tenets of the Jewish religion."[30] It alleges that Bet Midrash purchased the property "to expand its operations to open a K-12 Jewish educational school, which it could not do in its current space in which it operates its synagogue."[31] Counts II and III expressly seek relief for violations of Bet Midrash's "right to free exercise of religion and right to freely assemble as secured by the First Amendment to the United States Constitution."[32]

The First Amendment protects the free exercise of religion. Religious education – particularly the operation of a Jewish day school by a religious nonprofit that also operates a synagogue – is a form of religiously motivated conduct protected by the

[30] Dkt. No. 3, ¶ 4.
[31] *Id.*, ¶ 24.
[32] *Id.*, ¶ 54.

Free Exercise Clause.[33] At the pleading stage, the Court accepts these allegations as true. Whether Bet Midrash can ultimately prove that its proposed school constitutes protected religious exercise is a question for another day. For now, the allegations are sufficient.

The City's reliance on the distinction between the school and the synagogue is a factual argument that cannot be resolved on a motion to dismiss. The City points to the special exception application, which describes the proposed use as a "K-8th grade school" with up to 700 students.[34] But the complaint also alleges that the school is a Jewish educational school operated by a religious nonprofit whose purpose includes religious education and worship. These allegations, taken together and in the light most favorable to Bet Midrash, plausibly allege that the proposed school is an exercise of religious activity protected by the First Amendment.

B. Bet Midrash Plausibly Alleged a Facial Challenge.

Count I asserts a facial challenge to the City's special exception criteria. "A facial challenge asserts that a law 'always operates unconstitutionally,' . . . ; therefore, a facial challenge will succeed only if the statute 'could never be applied in a

---

[33] *See Alpine Christian Fellowship v. Cty. Comm'rs of Pitkin Cty.*, 870 F. Supp. 991, 994 (D. Colo. 1994) (finding religious education constituted protected religious exercise under the Free Exercise Clause); *Westchester Day Sch. v. Village of Mamaroneck*, 417 F. Supp. 2d 477, 545 (S.D.N.Y. 2006) ("the religious education of children is in fact central to modern Orthodox Judaism: the religious education of children is a key religious obligation mandated by the Torah, and for most modern Orthodox Jews, the enrollment of their children in a dual curriculum Jewish school, such as WDS, is virtually mandatory."); *Religious Rights Found. of PA v. State Coll. Area Sch. Dist.*, 2023 WL 8359957, at *4 (M.D. Pa. 2023) ("enrolling a child in a parochial school to receive a religious education is a form of religiously motivated conduct protected by the Free Exercise Clause").

[34] Dkt. No. 22, at 2.

constitutional manner.'"[35] The complaint plausibly alleges that the special exception criteria cannot be applied in a constitutional manner to entities engaged in First Amendment protected activity, because the criteria lack "narrow, objective, and definite standards" and vest City officials with unbridled discretion.[36] This is the same theory that succeeded in *Hollywood Community Synagogue*, where Judge Lenard found the City's special exception criteria to be unconstitutional as applied to a place of worship.

The City argues that the current criteria are different from those condemned in *Hollywood Community Synagogue* and that the facial challenge must fail because the criteria can be applied constitutionally to entities not engaged in protected activity. But the complaint alleges – with specificity and comparative tables – that the current criteria are the same as, or worse than, those condemned in *Hollywood Community Synagogue*.[37] The complaint further alleges that the City added criteria taken directly from *Lady J. Lingerie* – criteria that the Eleventh Circuit found to be impermissibly vague and subjective.[38]

In *Lady J. Lingerie*, the Eleventh Circuit examined a special exception scheme and found that none of the nine criteria was "precise and objective," and that all of them "individually and collectively empower the zoning board to covertly

---

[35] *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1308 (11th Cir. 2009) (quoting BLACK'S LAW DICTIONARY 223 (7th ed. 1999); *DA Mortg., Inc. v. City of Miami Beach*, 486 F.3d 1254, 1262 (11th Cir. 2007)).

[36] *See Fla. Beach Adv., LLC v. Cty. of Treasure Island*, 511 F. Supp. 3d 1255, 1271 (M.D. Fla. 2021) ("[A] law subjecting the exercise of First Amendment freedoms to the prior restraint of a license, without narrow, objective, and definite standards to guide the licensing authority, is unconstitutional.") (quoting *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 150-51 (1969)).

[37] Dkt. No. 3, ¶¶ 22, 35–38.

[38] *Id.*

discriminate against adult entertainment establishments under the guise of general 'compatibility' or 'environmental' considerations."[39] The Eleventh Circuit further held that the scheme was unconstitutional because it failed to place limits on the time within which the decisionmaker must issue a decision.[40] The allegations here – that the current criteria mirror those condemned in *Lady J. Lingerie* and *Hollywood Community Synagogue* and that the City can deny a special exception even if all criteria are met – are sufficient to state a plausible facial challenge.[41] The motion to dismiss Count I will therefore be denied.

C. Bet Midrash Plausibly Alleged an As-Applied Challenge.

Counts II and III assert as-applied challenges under 42 U.S.C. § 1983. "Section 1983 provides a cause of action for violations of the Constitution and laws of the United States caused by persons acting under color of state law."[42] An as-applied challenge addresses whether a law is unconstitutional on the facts of a particular case or as applied to a particular party.[43] The complaint alleges that the City applied the unconstitutional special exception criteria to Bet Midrash's application and denied the special exception on that basis. The City argues that an as-applied challenge

---

[39] 176 F.3d at 1362 (quoting JACKSONVILLE, FLA. LAND USE CODE § 656.131(c)(1)(ii) & (iii)).
[40] *Id.* at 1363.
[41] Because the Court has determined that the complaint states a plausible facial challenge, it need not at this stage determine the applicable standard of constitutional review (e.g., rational basis, intermediate scrutiny, or strict scrutiny). The City argues that given the facts set forth in the complaint, rational basis scrutiny must be applied. Dkt. No. 12, at 2, 6. Bet Midrash, on the other hand, argues that the special exception criteria are subject to a higher level of scrutiny than rational basis. Dkt. No. 18, at 6-7. To determine the appropriate level of scrutiny, however, the Court must determine whether Bet Midrash's application seeks a special exception for a First Amendment protected activity, as Bet Midrash argues, or simply to operate a school generally, as the City argues. This goes to the merits of this dispute and is not appropriate for resolution on a motion to dismiss.
[42] *Scott v. Estes*, 60 F. Supp. 2d 1260, 1268 (M.D. Ala. 1999).
[43] *Harris*, 564 F.3d at 1308.

requires a showing that the City applied the criteria in a manner hostile to Bet Midrash's expressive activity, or that the City selectively enforced the criteria.[44] This argument overstates the pleading requirement. At the pleading stage, Bet Midrash need only allege facts that plausibly suggest the City applied unconstitutional criteria to its application and denied the special exception as a result. The complaint does exactly that, so the motion to dismiss Counts II and III on the as-applied challenge ground will be denied as well.

D. Bet Midrash Sufficiently Pleaded a Claim for Injunctive Relief.

As a remedy, Count III seeks temporary and permanent injunctive relief. The City argues that Count III contains no factual allegations establishing the elements of injunctive relief. Count III, however, incorporates by reference the factual allegations in paragraphs 1 through 40 of the complaint. Those allegations describe in detail the history of the *Hollywood Community Synagogue* litigation, the City's failure to comply with Judge Lenard's directive to enact constitutional special exception criteria, Bet Midrash's application and the City's denial, and the harm Bet Midrash suffered as a result. These factual allegations provide the foundation for the injunctive relief claim.

The loss of First Amendment freedoms, even for minimal periods of time, constitutes irreparable injury.[45] The complaint alleges that Bet Midrash has been unable to open its school as a result of the City's denial. At the pleading stage, these allegations are sufficient to state a plausible claim for injunctive relief. The City's

[44] Dkt. No. 12, at 8, 10.
[45] *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

arguments about traffic congestion, parking, and student safety are factual disputes that cannot be resolved on a motion to dismiss. They may be relevant at a later stage of the proceedings, but they do not provide a basis to dismiss the complaint. The motion to dismiss Count III will be denied on this basis as well.

## VI. CONCLUSION.

Bet Midrash's complaint contains detailed, specific factual allegations that, taken as true and viewed in the light most favorable to the plaintiff, state plausible claims for relief under the First and Fourteenth Amendments and 42 U.S.C. § 1983. The City's arguments – that its zoning criteria are neutral and generally applicable, that rational basis review applies, and that Bet Midrash is not engaged in protected activity – may ultimately prevail on a fuller record. But they do not justify dismissal at the pleading stage, where the Court must accept the complaint's well-pleaded allegations as true and draw all reasonable inferences in the plaintiff's favor.[46]

It is therefore **ORDERED** that the City of Hollywood's motion to dismiss[47] is **DENIED**.

###

*Copies furnished to all counsel of record via CM/ECF.*

[46] *See Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quoting *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010)).
[47] Dkt. No. 12.